# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) **JUDGMENT IN A CRIMINAL CASE** |
| | (For **Revocation** of Probation or Supervised Release) |
| **v.** | ) |
| Larry Gene Elmore | ) USDC Case Number: CR-06-00441-001 YGR |
| | ) BOP Case Number: DCAN406CR00441-001 |
| | ) USM Number: 98174-111 |
| | ) Defendant's Attorney: Jerome Matthews |

## THE DEFENDANT:

☑ admitted guilt to violation of Charges One and Two of the petition filed with the Court on June 25, 2018.

☐ was found in violation of condition(s): _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| One | Failure to refrain from the use of a controlled substance | June 13, 2018 |
| Two | Failure to participate in a residential re-entry center for a period of 60 days | June 21, 2018 |
| | | |
| | | |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ Charge Three of the petition filed with the Court on June 25, 2018, was dismissed.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 0017

Defendant's Year of Birth: 1956

City and State of Defendant's Residence:
San Pablo, California

7/5/2018
Date of Imposition of Judgment

Signature of Judge

The Honorable Yvonne Gonzalez Rogers
United States District Judge
Name & Title of Judge

July 6, 2018
Date Signed

DEFENDANT:  Larry Gene Elmore
CASE NUMBER:  CR-6-00441-001 YGR

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Time served through July 9, 2018.**

☐ The Court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.
Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ am ☐ pm on _____ (no later than 2:00 pm).

   ☐ as notified by the United States Marshal.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.  Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ at _____ ☐ am ☐ pm on _____ (no later than 2:00 pm).

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.  Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:  Larry Gene Elmore
CASE NUMBER:  CR-6-00441-001 YGR

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  <u>Life</u>

You must report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

You shall not commit another federal, state or local crime.

You shall not unlawfully possess a controlled substance.  You shall refrain from any unlawful use of a controlled substance.  You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

# MANDATORY CONDITIONS OF SUPERVISION

1)   You must not commit another federal, state or local crime.

2)   You must not unlawfully possess a controlled substance.

3)   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4)   ☐  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5)   ☑  You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6)   ☑  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7)   ☐  You must participate in an approved program for domestic violence. *(check if applicable)*


You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:  Larry Gene Elmore
CASE NUMBER:  CR-6-00441-001 YGR

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must follow the instructions of the probation officer related to the conditions of supervision.
5) You must answer truthfully the questions asked by your probation officer.
6) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8) You must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9) You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐ If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.

(Signed) _____          _____
               Defendant                                                    Date

           _____          _____
               U.S. Probation Officer/Designated Witness            Date

# SPECIAL CONDITIONS OF SUPERVISION

<u>Prior Conditions</u>

1. You must participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. You are to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

2. You must participate in a mental health treatment program, and shall pay for part or all of the cost of treatment, as directed by the probation officer. You shall adhere to a co-payment schedule as determined by the probation officer.

3. You must abstain from the use of all alcoholic beverages.

4. You must not possess or use a computer without the prior approval of the probation officer. "Computer" includes any electronic device capable of accessing the internet or processing or storing data as described at 18 U.S.C. § 1030(e)(1) (including cell phones), and all peripheral devices.

5. As directed by the probation officer, you must enroll in the probation office's Computer and Internet Monitoring Program (CIMP) and must abide by the requirements of the CIMP program and the Acceptable Use Contract.

6. You must not access the Internet or any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. "On-line services" include any Internet service provider, or any other public or private computer network. As directed by the probation officer, you must warn his/her employer of restrictions to his/her computer use.

7. You must consent to the probation officer conducting periodic unannounced examinations of his/her computer equipment, which may include retrieval and copying of all data from his/her computer(s) and any peripheral device to ensure compliance with this condition, and/or removal of any such equipment for the purpose of conducting a more thorough inspection. You must also consent to the installation of any hardware or software as directed by the probation officer to monitor the defendant's Internet use.

8. You must not possess or use any data encryption technique or program.

9. You must not possess, in any form, materials depicting child pornography, child erotica, or nude or sexual depictions of any child; or any materials described at 18 U.S.C. § 2256(8).

10. You must not access, via the Internet or otherwise, any pornography or other materials depicting sexually explicit conduct as defined at 18 U.S.C. § 2256(2), without the prior approval of the probation officer.

11. You must not frequent or loiter within 100 feet of any location where children are likely to gather, or have contact with any child under the age of 18 unless otherwise approved by the probation officer. Children are likely to gather in locations including, but not limited to, playgrounds, theme parks, public swimming pools, schools, arcades, children's museums or other specific locations as designated by the probation officer. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom you must deal in order to obtain ordinary and usual commercial services.

12. Your employment must be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. You shall submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change.

13.     Your residence must be approved by the probation officer, and any change in residence must be pre-approved by the Probation Officer.  You must submit the address of any proposed residence to the Probation Officer at least 10 days prior to any scheduled change.

14.     You must participate in sex offender-specific treatment, as directed by the probation officer.  You are to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer.  The actual co-payment schedule shall be determined by the probation officer.  The probation officer may release all previous mental health evaluations to the treatment provider.

15.     As part of the treatment program, you must submit to polygraph testing as recommended by the treatment provider. However, you retain your Fifth Amendment right to refuse to answer questions asked during the course of treatment absent a grant of use and derivative-use immunity.

16.     As part of the treatment program, you must submit to psychological testing as recommended by the treatment provider.

17.     You shall provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

18.     You must submit to a search of his/her person, residence, office, vehicle, or any property under his/her control. Such a search shall be conducted by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation; you must warn any residents that the premises may be subject to searches.

19.     You must use only those computers and computer-related devices, screen user names, passwords, e-mail accounts, and Internet service providers (ISPs), as approved by the Probation Officer. Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants (PDAs), Internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulletin boards, and other computers, or similar media.

20.     You must cooperate in the collection of DNA as directed by the probation officer.

21.     You must not reside in any residence where any resident possesses a firearm.

Additional Conditions

22.     You must participate in a residential treatment program for a period of 90 days and obey the rules of the program.