ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

VANESSA BAEHR-JONES (CABN 281715)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Vanessa.Baehr-Jones@usdoj.gov

Attorneys for United States of America

**FILED**

SEP 24 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) NO. CR 06-00441 YGR |
|---|---|
| Plaintiff, | ) [~~PROPOSED~~] **ORDER OF DETENTION** |
| v. | ) |
| LARRY ELMORE, | ) |
| Defendant. | ) |

    The parties appeared before the Honorable Kandis A. Westmore, United States Magistrate Judge, on September 18, 2018, for a detention hearing on new charges in an amended petition for supervised release violation, following the arrest of defendant, Larry Elmore. At the hearing, the government moved to detain Elmore, arguing that Elmore could not meet his burden of demonstrating by clear and convincing evidence that he is not a risk of non-appearance or a danger to the community. Elmore opposed that motion and asked to be released from custody, requesting to reside at his mother's residence and continue with a new drug treatment program.

    In the supervised release revocation context, the burden is on the defendant seeking release to "establish[] by clear and convincing evidence that the [defendant] will not flee or pose a danger to any

[~~PROPOSED~~] DETENTION ORDER
CR 06-00441 YGR

other person or to the community." Fed. R. Crim. P. 32.1(a)(6). *See also* 18 U.S.C. § 3143(a); Fed. R. Crim. P. 46(c) and (d); *United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994).

Upon consideration of the parties' proffers and information provided by the United States Probation Officer, as well as Court records in the case against Elmore, the Court finds that Elmore did not meet his burden to provide clear and convincing evidence that he is not a flight risk or that he does not pose a danger to any other person or the community. The Court therefore orders Elmore detained.

In considering the Court's record and the information presented at the hearing, the Court finds that Elmore did not meet his burden to provide clear and convincing evidence that he is not a flight risk or a danger because: (1) this petition alleges that Elmore left the residential drug treatment program to which he had been ordered to attend by the Court as part of the resolution of his last petition for supervised release violation; (2) Elmore repeatedly tested positive for methamphetamine while participating in the residential drug treatment program, which ultimately resulted in his termination from the program; (3) Elmore has a history of supervised release violations that involve methamphetamine use, accessing the internet in violation of the terms of his supervised release, and possessing child pornography; and (4) many of the prior supervised release violations occurred at the proposed residence to which he is seeking release.

The defendant is committed to the custody of the Attorney General for confinement in a corrections facility. The defendant must be afforded reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: 9/24/18

HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge