DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KATHERINE M. LLOYD-LOVETT (CABN 276256)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    katherine.lloyd-lovett@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LARRY GENE ELMORE,<br><br>    Defendant. | NO. CR 06-00441 YGR<br><br>[PROPOSED] ORDER OF DETENTION |

The parties appeared before the Honorable Kandis A. Westmore on March 4, 2019, for a detention hearing on a supervised release violation petition, following the self-surrender of Larry Gene Elmore on an arrest warrant. At the hearing, the government moved to detain Elmore, arguing that Elmore could not meet his burden of demonstrating by clear and convincing evidence that he is not a risk of non-appearance or a danger to another person. Elmore opposed the detention motion and asked to be released from custody. Both parties proffered information for the Court to consider in reaching a decision on the detention motion. The United States Probation Officer also recommended that Elmore be detained.

In the supervised release revocation context, the burden is on the defendant seeking release to

1

"establish[] by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community. Federal Rule of Criminal Procedure 32.1(a)(6). *See also* 18 U.S.C. § 3143(a); Federal Rule of Criminal Procedure 46(c) and (d); *United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994).

Upon consideration of the parties' proffers, as well as information regarding Elmore's history of noncompliance while on supervised release, the Court finds that Elmore has not met his burden to provide clear and convincing evidence that he does not pose a danger to any other person or the community. The Court therefore orders Elmore detained. The Court notes in particular Elmore's demonstrated inability to follow the conditions placed upon him by this Court, with a history of supervised release violations dating back to 2013 and with his most recent supervised release violation being resolved as recently as January 2019.

Accordingly, the defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility. The defendant must be afforded reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: March 5, 2019

HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge